[Cite as *Sumerel v. Dept. of Transp.*, 2010-Ohio-2185.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT B. SUMEREL

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-08489-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION


FINDINGS OF FACT

{¶ 1} 1)   Plaintiff, Robert B. Sumerel, related that he was traveling north on Interstate 71 at the Dana Avenue Overpass in Hamilton County, when his 2009 Mercedes Benz S550 struck a pothole in the roadway causing tire and wheel damage to the vehicle. Plaintiff recalled that the damage incident occurred on October 13, 2009 between 7:30 p.m. and 8:30 p.m.

{¶ 2} 2)   Plaintiff asserted that the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazards such as potholes. Plaintiff filed this complaint seeking to recover $2,470.00, the stated cost of replacement tires and wheels. The filing fee was paid.

{¶ 3} 3)   Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole on the roadway prior to plaintiff's property damage occurrence. Defendant advised that phone logs show no complaints were on file regarding the specific damage-causing pothole which ODOT located "at

milepost 6.03 on I-71 in Hamilton County." Defendant asserted that plaintiff failed to offer any evidence to prove his property damage was attributable to conduct on the part of ODOT personnel. Defendant explained that the ODOT "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no potholes were discovered at milepost 6.03 on Interstate 71 the last time that section of roadway was inspected before October 13, 2009. Defendant's maintenance records show that "three (3) pothole patching operations (were) conducted in the general vicinity in the past six months that included milepost 6.03." The maintenance record (copy submitted) indicates that ODOT crews patched potholes in the area including milepost 6.03 on June 29, 2009, August 3, 2009, and September 18, 2009. Defendant contended that plaintiff failed to produce any evidence to establish the length of time the pothole existed prior to 7:30 p.m. on October 13, 2009. Defendant stated that "if ODOT personnel had detected any potholes they would have been reported and promptly scheduled for repair."

{¶ 4} 4) Despite filing a response, plaintiff did not produce evidence to establish the length of time that the pothole at milepost 6.03 existed prior to 7:30 p.m. on October 13, 2009. Plaintiff acknowledged that "I have no idea how long the pothole existed in the roadway prior to my incident." Plaintiff argued that due to the fact previous pothole patches have been made in the vicinity of milepost 6.03 "proves the pothole existed." Plaintiff did not offer any evidence to show that the pothole his vehicle struck had been previously patched and that the patch deteriorated.

CONCLUSIONS OF LAW

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom te burden of proof rests to produce evidence which furnishes a reasonable basis for

sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD ; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 9}   The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.   No evidence was presented to establish the time that the particular pothole was present.  Size of the defect (pothole) is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.   Plaintiff has failed to prove that defendant had constructive notice of the pothole.  Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT B. SUMEREL

   Plaintiff

   v.

DEPARTMENT OF TRANSPORTATION

   Defendant

   Case No. 2009-08489

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Robert B. Sumerel
8675 Bridgewater Lane
cincinnati, Ohio  45243

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/12
Filed 2/4/10
Sent to S.C. reporter 5/14/10